**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1461-24

B9 SCHOOLHOUSE OWNER, LLC,

    Plaintiff-Respondent,

v.

TOWNSHIP OF FRANKLIN,

    Defendant-Appellant.

_____

CONCORE REALTY, LLC,

    Plaintiff-Respondent,

v.

TOWNSHIP OF FRANKLIN,

    Defendant-Appellant.

_____

Argued December 9, 2025 – Decided March 13, 2026

Before Judges Rose, DeAlmeida and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket Nos. L-1365-23 and L-1385-23.

Louis N. Rainone argued the cause for appellant (Rainone Coughlin Minchello, LLC, attorneys; Louis N. Rainone and Christopher D. Zingaro, of counsel and on the briefs).

Jonathan I. Epstein argued the cause for respondent B9 Schoolhouse Owner, LLC (Szaferman, Lakind, Blumstein & Blader, PC, attorneys; Jonathan I. Epstein and Kristine D. Brown, on the brief).

John J. DeLuca, Jr. argued the cause for respondent Concore Realty, LLC (Savo, Schalk, Corsini, Warner, Gillespie, O'Grodnick & Fisher, PA, attorneys; John J. DeLuca, Jr., on the brief).

PER CURIAM

In these consolidated actions in lieu of prerogative writs, defendant Township of Franklin appeals a December 6, 2024 Law Division order granting summary judgment in favor of plaintiffs, B9 Schoolhouse Owner, LLC and Concore Realty, LLC, owners and prospective developers of properties with pending land use applications in the Township. Plaintiffs each filed complaints facially challenging Franklin Township Ordinance 4419-23, enacted on September 12, 2023, adopting and expressly applying retroactively to all pending Township development applications new stormwater management

2

A-1461-24

(SWM) regulations passed by the New Jersey Department of Environmental Protection (NJDEP).

Specifically, with their respective completed land use applications filed and pending, plaintiffs requested the trial court declare the ordinance's retroactive applicability provision invalid, preempted, or otherwise unenforceable as contrary to, or not exempt from, the Municipal Land Use Law's (MLUL), N.J.S.A. 40:55D-1 to -171, time of application rule (TOA Rule), N.J.S.A. 40:55D-10.5, and related NJDEP SWM regulations, N.J.A.C. 7:8-1.6. Both the TOA Rule and the regulations generally exempted already-filed applications from compliance with newly-enacted regulations.

Because the trial court correctly determined the ordinance constituted a zoning regulation pertaining to SWM of development projects rather than a broader health and safety measure applying widely to the general public, we conclude, as did the trial court, the ordinance is not exempt from the TOA Rule prohibiting retroactive application of the new SWM requirements to plaintiffs' filed applications pending at the time of its enactment.

I.

The trial court's grant of summary judgment rested on a legal determination concerning the validity and applicability of the ordinance, and the

3

parties conceded there were no genuine issues of material fact in dispute. We therefore synthesize only the following undisputed facts and procedural history pertinent to this appeal from the broader record before the motion court.

A.  The Land Use Applications

Seeking to build a warehouse on its Franklin Township property, on May 5, 2022, B9 applied for site plan approval with the Franklin Township Planning Board. B9's application was deemed complete on August 4, 2022. Similarly, Concore filed for approval to build a warehouse on its land and submitted its application to the Township Planning Board on January 20, 2023. Concore's application was deemed complete on February 21, 2023. Both applications remained pending when new SWM regulations were enacted both by NJDEP and the Township.

B.  The SWM Regulations and Ordinance

Following an executive order dated January 27, 2020, NJDEP issued amendments to the State's SWM regulations on July 17, 2023, codified in N.J.A.C. 7:8-1 to -6. N.J.A.C. 7:8-1.6, addressing the temporal application of the amended regulations, in relevant part provides:

> (b)  Major development shall be subject to the stormwater management requirements in effect prior to July 17, 2023 as follows:

1. Major development that does not require any of the Department permits listed at (c) below and for which a complete application has been submitted prior to July 17, 2023 shall be subject to the stormwater management requirements in effect pursuant to (b)2 or 3 below, provided that the application includes both the application form and all accompanying documents required by ordinance for one of the following approvals pursuant to the [MLUL]:

> i. Preliminary or final site plan approval;

> . . . .

3. An application required by ordinance for approval pursuant to (b)1 above that has been submitted on or after March 2, 2021, but prior to July 17, 2023 shall be subject to the stormwater management requirements in effect on March 2, 2021;

Simultaneously, with its enactment of the SWM amendments, NJDEP responded to public comments concerning these new regulations. See 55 N.J.R. 1385(b) (Jul. 17, 2023). NJDEP clarified: "Pursuant to the SWM rules at N.J.A.C. 7:8-1.6, complete applications that have been submitted for certain types of approvals prior to the adoption date of this rulemaking are not subject to the new standards." Id. at 1409 (response to comment 286). In another comment, NJDEP explained the amended regulations "will not apply to any major development that does not require permits from the

A-1461-24

Department . . . provided that the applicant has submitted an application prior to the effective date of this rulemaking." Id. at 1408 (response to comment 279). The NJDEP also addressed the applicability of the TOA Rule, specifically noting the TOA Rule should govern municipal review of development applications. Id. at 1431, 1435 (response to comments 572 and 615).

The Township subsequently adopted a corresponding SWM ordinance on September 12, 2023, which became effective on October 5. The ordinance codified the new SWM regulations, but changed the applicability provision. The ordinance instead directed: "Any application . . . which has not received final approval prior to the effective date of this ordinance shall be subject to the provisions of this ordinance."

C. Summary Judgment

In November 2023, plaintiffs each filed a two-count complaint in lieu of prerogative writs against the Township challenging the ordinance. The complaints similarly alleged in count one that the ordinance's retroactive applicability provision was arbitrary, capricious, unreasonable, and unlawful, and thus invalid and unenforceable. The complaints' second counts asserted the ordinance was preempted by state law and thus unenforceable in full or in part.

In January 2024, the Township filed an answer and counterclaim. It sought declaratory judgment confirming the ordinance applied to plaintiffs' pending applications.

The trial court consolidated the litigation between the parties and entered a case management order providing plaintiffs the opportunity to file motions for summary judgment on two issues of law: "[W]hether Franklin Township Ordinance 4419-23 is preempted by State law and/or is invalid because it contravenes, is pre-empted by or not authorized by State Law or the regulations promulgated thereunder, including specifically N.J.A.C. 7:8, and/or the [TOA] rule, N.J.S.A. 40:55D-10.5." Plaintiffs thereafter filed summary judgment motions confined to the issues as framed by the trial court.

After arguments, the court entered summary judgment for plaintiffs and rendered its oral decision on December 6, 2024. The court reiterated, "There were only two questions . . . Is ordinance 4419-23 exempt from the [TOA] Rule? And then secondly, is ordinance 4419-23 by virtue of its deviation from NJDEP rules as to applicability preempted, and therefore of no effect to . . . plaintiff[s]."

Addressing the TOA Rule, the trial court summarized, "defendants argue that ordinance 4419-23 is a health and public safety ordinance and is therefore

A-1461-24

exempt from the Time of Application Rule . . . . [P]laintiffs disagree and assert that the ordinance is a zoning ordinance and therefore is subject to the [TOA] Rule."

Identifying and addressing relevant caselaw distinguishing between health and safety ordinances and zoning and planning ordinances,[1] the court found the Township's SWM ordinance was a "zoning ordinance," subject to the TOA Rule. It reasoned the ordinance was "far more than a generic environmental regulation" and not "appl[icable] to everyone but instead only those who make an application for development." The court thus found the ordinance was not exempt from the TOA Rule and consequently not retroactively applicable to filed and pending applications. The trial court then declined to address plaintiffs' preemption arguments as moot.

---

[1] The court examined Shipyard Associates v. City of Hoboken, 242 N.J. 23, 41 (2020) (recognizing "even if a zoning ordinance has an effect on public health and safety, or is motivated by health and public safety concerns, that does not re-characterize a zoning ordinance as a general police power ordinance"); New Jersey Shore Builders Ass'n v. Township of Jackson, 199 N.J. 38, 54 (2009) (finding tree removal ordinance was a "generic environmental regulation and not a planning or zoning initiative"); and Sparroween v. Township of West Caldwell, 452 N.J. Super. 329, 338 (App. Div. 2017) (concluding an ordinance that limited smoking in certain retail establishments was not a land use or zoning ordinance but a "validly adopted health ordinance").

II.

On appeal, the Township argues the trial court erred because the ordinance's applicability provision was enforceable as a heath and public safety regulation exempt from the TOA Rule. The Township contends the ordinance is aimed at preventing damage due to stormwater, which is a concern of health and public safety, and therefore subject to the exception in the TOA Rule. It contends the Supreme Court in Shipyard applied the TOA Rule to final applications, and more latitude is afforded to municipalities at earlier stages in the application process. Regarding plaintiffs' preemption argument, the Township asserts NJDEP intended to grant municipalities the ability to adopt stricter SWM regulations, allowing the Township to impose broader retroactive applicability.

A.

"We review de novo the trial court's grant of summary judgment, applying the same standard as the trial court." Abboud v. Nat'l Union Fire Ins., 450 N.J. Super. 400, 406 (App. Div. 2017) (citing Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 450, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

"When reviewing the decision of a trial court that has reviewed municipal action we are bound by the same standards as was the trial court." Price v. Strategic Cap. Partners, LLC, 404 N.J. Super. 295, 301-02 (App. Div. 2008) (quoting Fallone Props., L.L.C. v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 561 (App. Div. 2004) (internal quotation marks omitted)). Indeed, "all municipal ordinances [are] entitled to a presumption of validity." Sparroween, 452 N.J. Super. at 339 (quoting Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015)). However, "conclusions of law are subject to de novo

review." Price, 404 N.J. Super. at 302 (citing Wyzykowski v. Rizas, 132 N.J. 509, 518 (1993)).

We also review questions of statutory construction de novo. Shipyard, 242 N.J. at 38 (citing 388 Route 22 Readington Realty Holdings, LLC v. Twp. of Readington, 221 N.J. 318, 338 (2015)). Although we consider "the statute's plain language," ibid. (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)), we "review statutory language 'in context with related provisions so as to give sense to the legislation as a whole,'" ibid. (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). When language is included or excluded from a statute, "it is generally presumed that [the Legislature] acts intentionally and purposely in the . . . inclusion or exclusion." Ibid. (alterations in original) (quoting N.J. Div. of Child Prot. & Permanency v. R.L.M., 236 N.J. 123, 148 (2018)). We "consider extrinsic interpretive aids, such as legislative history, only 'when the statute is ambiguous, leading to more than one plausible interpretation; it leads to an absurd result inconsistent with any public policy objective; or it is at direct odds with an overall statutory scheme.'" Id. at 39 (quoting Murray, 210 N.J. at 592).

B.

In addressing the Township's argument its ordinance's retroactive applicability provision is exempt from the TOA Rule, we begin by recognizing the NJDEP's expressed intention that the TOA Rule apply to ordinances adopting the new SWM regulations. See 55 N.J.R. at 1435 (response to comment 615). NJDEP specifically advised:

> If . . . [the municipality] determine[s] the application to be complete, then the project should be considered exempt from any amendments to their ordinance, as it would be reviewed in accordance with the ordinance that was in place at the time of a complete submission pursuant to N.J.S.A. 40:55D-10.5.
>
> [Ibid.]

Indeed, the TOA Rule provides for presumptive prospective application of new regulations by municipal ordinance unless the provision:

> Notwithstanding any provision of law to the contrary, those development regulations which are in effect on the date of submission of an application for development shall govern the review of that application for development and any decision made with regard to that application for development. Any provisions of an ordinance, except those relating to health and public safety, that are adopted subsequent to the date of submission of an application for development, shall not be applicable to that application for development.
>
> [N.J.S.A. 40:55D-10.5 (emphasis added).]

A-1461-24

Thus, the trial court correctly framed the controlling inquiry, questioning whether the ordinance predominantly regulates land use under the MLUL, or more squarely falls within the TOA Rule's exemption for ordinances enacted for the purpose of public health and safety.

In analyzing the ordinance's purpose, reviewing courts scrutinize whether the ordinance was passed pursuant to the MLUL or the police power statute, N.J.S.A. 40:48-2. See Jackson, 199 N.J. at 53-54. New Jersey's Constitution empowers the Legislature to enact laws under which municipalities may regulate zoning, N.J. Const. art. IV § VI ¶ 2, and the MLUL expressly confers upon municipalities the power to regulate zoning, see N.J.S.A. 40:55D-2. The MLUL specifically "allows municipalities to adopt ordinances to regulate land development in a manner which will promote the public health, safety, morals and general welfare." Jackson, 199 N.J. at 53 (internal quotation marks omitted) (quoting Rumson Estates, Inc. v. Mayor & Council of Fair Haven, 177 N.J. 338 (2003)).

By comparison, N.J.S.A. 40:48-2 grants municipalities the police power to

> make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the laws of this state or of the United States, as it may deem necessary and proper for the good government, order

and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants . . . .

The Supreme Court has recognized an ordinance enacted under the police power statute is one enacted with a purpose of "protecting the health and welfare of its citizens." Sparroween, 452 N.J. Super. at 339 (holding a smoking ordinance explicitly enacted pursuant to N.J.S.A. 40:48-2 was "not within the planning and zoning concerns of the [MLUL]").

Although not singularly dispositive of the inquiry, one material hallmark of ordinances enacted pursuant to the police power statute is their universal "appl[ication] to everyone." Jackson, 199 N.J. at 54 (holding tree removal ordinance explicitly enacted pursuant to N.J.S.A. 40:48-2 and applicable to all landowners was "a generic environmental regulation, and not a planning or zoning initiative"). The Supreme Court in Shipyard further distinguished police power health and safety ordinances as provisions "not plac[ing] limits on where or how one could build. They regulate subject matter . . . divorced from typical 'planning and zoning concerns.'" 242 N.J. at 42 (quoting Jackson, 199 N.J. at 54) (holding that a floodplain ordinance which "specifie[d] floor heights for certain buildings" and "specifie[d] construction materials and methods by use"

14

was enacted pursuant to the MLUL and not a public health and safety regulation).

Here, we are persuaded the Township's SWM ordinance falls within the category of provisions enacted under the MLUL to address "typical 'planning and zoning concerns.'" See ibid. Thus, it falls under the control of the TOA Rule and does not apply retroactively to plaintiffs' pending development applications. See id. at 41 (recognizing that a zoning ordinance's impact on public health and safety does not remove it from its principal purpose as an instrument of land use regulation).[2]

The ordinance's language is instructive in discerning its purpose. Indeed, it announces: "The purpose of this chapter is to establish minimum stormwater management requirements and controls for 'major development,' as defined below."[3] The ordinance defines "major development" as:

---

[2] We have considered the Township's contention that Shipyard's reasoning extends only to final approvals and conclude it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E); see also Shipyard, 242 N.J. at 44 (expressly recognizing N.J.S.A. 40:55D-10.5 applies broadly to "applications for development"); Dunbar Homes, Inc. v. Zoning Bd. of Adjustment of Twp. of Franklin, 233 N.J. 456, 560 (2018) (holding that the TOA Rule applies to "complete" applications for development).

[3] Although the ordinance's expressed purpose only mentions "major development," the ordinance also applies to "minor development," which is

An individual "development," as well as multiple developments that individually or collectively result in:

(1) The disturbance of one or more acres of land since February 2, 2004;

(2) The creation of one-quarter acre or more of "regulated impervious surface" since February 2, 2004;

(3) The creation of one-quarter acre or more of "regulated motor vehicle surface" since June 30, 2021; or

(4) A combination of 2 and 3 above that totals an area of one-quarter acre or more. The same surface shall not be counted twice when determining if the combination area equals one-quarter acre or more.

Major development includes all developments that are part of a common plan of development or sale (for example, phased residential development) that collectively or individually meet any one or more of paragraphs 1, 2, 3, or 4 above. Projects undertaken by any government agency that otherwise meet the definition of "major development" but which do not require approval under the [MLUL], are also considered "major development."

The ordinance's stated purpose to provide "controls for 'major development'" reflects its targeted applicability. Additionally, its definition of

---

defined as "any development that results in an increase in impervious surface of 1,000 or more feet, or one that disturbs more than 2,500 square feet of land area."

"major development" cites to the MLUL. Further, unlike the ordinances in both Jackson and Sparroween, there is no language in the ordinance suggesting it was adopted pursuant to the police power. See Jackson, 199 N.J. at 56; see also Sparroween, 452 N.J. Super. at 339.

We are satisfied this ordinance is not a public health and safety regulation enacted pursuant to the police power intended to broadly apply principally independent of "typical zoning and planning concerns." See Shipyard, 242 N.J. at 42 (recognizing "even if a zoning ordinance has an effect on public health and safety, or is motivated by health and public safety concerns, that does not re-characterize a zoning ordinance as a general police power ordinance"). It sets forth detailed project design requirements, pipe sizes, outlet locations, drainage calculation methodology, and similarly technical mandates.

Significantly, the MLUL explicitly requires municipalities to enact SWM plans. N.J.S.A. 40:55D-93. N.J.A.C. 7:8-1.1 states the "scope and purpose" of N.J.A.C. 7:8-1.6, which the ordinance's language closely mirrors:

> This chapter establishes general requirements for stormwater management plans and stormwater control ordinances, as well as content requirements and procedures for the adoption and implementation of regional stormwater management plans and municipal stormwater management plans under the [MLUL].
>
> [N.J.A.C. 7:8-1.1 (emphasis added).]

Despite its effect of protecting Township residents and property from potential stormwater flooding, the primary focus of the regulation is development, which falls predominantly under the purview of the MLUL. Accordingly, we conclude the trial court did not err in granting summary judgment and applying the TOA Rule to immunize plaintiffs' applications from the ordinance's retroactive applicability provision.

Having determined the TOA Rule controls and resolves the matter before us, we need not reach plaintiffs' preemption argument. See Strategic Env't Partners, LLC v. N.J. Dep't of Env't Prot., 438 N.J. Super. 125, 147 (App. Div. 2014) (quoting Comm. to Recall Robert Menendez v. Wells, 204 N.J. 79, 96 (2010)) ("As a general rule, our courts strive to avoid reaching constitutional issues unless they are 'imperative to the disposition of the litigation.'").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1461-24